IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 03-61376 CIV-JORDON
MAGISTRATE JUDGE BROWN

1643 CORP.,

        Plaintiff,

v.

ASSURANCE COMPANY OF AMERICA
A/K/A ZURICH NORTH AMERICA
INSURANCE COMPANY,

        Defendant.
_____/



**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, ASSURANCE COMPANY OF AMERICA, by and through its undersigned counsel, and files this, its Reply Memorandum, and states as follow:

Plaintiff asserts in its opposition memorandum that Defendant "appears to stipulate" that the building is damaged to such an extent that is it necessary to bring the entire building up to current codes. To the contrary, Defendant does not stipulate that such is the case. Defendant actually argued that if it is *assumed* Plaintiff's entire building must in fact brought up to code, this assumption would nonetheless not affect the coverage provided by the clear terms and conditions of the insurance contract. Because all facts and inferences must be construed in favor of the non-movant, Defendant was simply arguing that, even under such an assumption, there is no merit to the claim for coverage to areas of the Plaintiff's pre-existing building that were not damaged by the fire.

The Stipulated Facts relied on by Plaintiff in its Reply Memorandum do not affect this argument one way or the other. The only stipulation agreed to by Defendant was simply that Plaintiff received certain letters or documents from the City of Fort Lauderdale and that accurate copies of those documents were attached to the stipulation. Defendant did not stipulate as to the truth of the matters asserted in the documents, did not stipulate as to the effect or meaning of those documents, did not stipulate as to the proceedings leading up to the issuance of those documents, did not stipulate that the documents left Plaintiff with no alternative to demolishing its entire building, and did not stipulate that all of the "violations" or issues raised in those documents were due to the fire itself. Those documents are hearsay and therefore the content thereof cannot be relied on to support Plaintiff's claims that (1) the fire, and only the fire, itself caused sufficient damage to require demolition of the building. In fact, a perusal of the documents suggest that alternatives other than demolition would have been available to Plaintiff. Additionally, the documents appear to list issues and problems with the building that relate to ongoing and significant renovation work that had been taking place at the property, and the failure of Plaintiff to secure another contractor, as well as potentially other nonconforming code issues that may or may not relate to the fire itself. There is also a question of whether Plaintiff even contested any of the proceedings – another issue that would affect the alleged "necessity" of the demolition or scope of the repair requirements.

Plaintiff next appears to argue that coverage under the Ordinance and Law provision of the policy is not an issue because Plaintiff's building constituted a total loss and therefore the full policy limits are due under Florida's Valued Policy Law. However, this assertion is contrary to allegations of Plaintiff's Complaint For Declaratory Relief. At paragraph 14 of the Complaint, Plaintiff specifically asserts that coverage is due under the Ordinance and Law provision and

quotes [incorrectly] the language of the policy provision.[1] Plaintiff goes on to allege in paragraph 17 of the Complaint that it demanded appraisal as per the terms of the policy. Given that appraisal is requested when a dispute concerning the amount and scope of damages arises between the parties, there can be no doubt given the allegations of the Complaint that Plaintiff and Defendant did not agree on the amount of damage to the building in question. Plaintiff then states in paragraph 18 of the Complaint that it was determined that appraisal would not be appropriate until "two (2) major coverage items" are resolved. Paragraph 19 alleges that Defendant determined that there was no coverage for the undamaged portions of the building, "thus denying any further payment on 'these items' and without a determination from the Court as to the applicability of the Ordinance and Law – Direct Damage coverage and Demolition cost coverage, there is virtually nothing to appraise." Finally, paragraph 22 asserts that "[a] *controversy has thus arisen over the interpretation of the aforementioned two (2) coverages in the policy.*" (Emphasis added).

There is *no* mention whatsoever of Florida Valued Policy Law in the Complaint filed by Plaintiff. The Motion For Summary Judgment submitted by Defendant appropriately addressed the coverage issues under the Ordinance and Law provision – the precise issues described in Plaintiff's Complaint. Given that Plaintiff completely fails to respond to the merits of the legal arguments raised in Defendant's summary judgment motion concerning coverage for the non-damaged portion of the existing building, this Court must find in favor of Defendant on the issues raised in Defendant's motion.

---

[1] The Demolition Costs Coverage is actually a part of the Ordinance and Law provision. Additionally, Plaintiff failed to quote language from the policy that clearly indicates that the coverage provided in the Ordinance and Law provision does not apply to existing structures.

Plaintiff's only "response" in opposition to Defendant's Motion is its comment that the valued policy law applies. Again, this is never raised as a subject for declaratory relief in Plaintiff's Complaint and was, in fact, raised for the first time in Plaintiff's Motion For Partial Summary Judgment. Defendant has fully addressed that issue in the memorandum filed in opposition to Plaintiff's Motion For Partial Summary Judgment. Rather than restating its position on the value policy argument, Defendant adopts and incorporates by reference herein the arguments set forth in its previously filed opposition memorandum.

In regard to the economic waste argument raised by Plaintiff, this argument has no application whatsoever to the legal issues raised in Defendant's motion for summary judgment. The cases cited by Plaintiff concern a breach of contract by a builder or contractor and the appropriate measure of damages for such breach where there was some defect, insufficiency, or failure to precisely follow building specifications in the completed project. The legal concept of measuring damages based upon economic waste is wholly unrelated to any of the issues raised in this proceeding.

As stated above, Plaintiff has completely failed to respond to the merits of the issues raised in Defendant's summary judgment motion. As such, this Court can only conclude that Plaintiff agrees that the Ordinance and Law provision (including the Demolition Cost Coverage) does not provide any coverage under the policy for the cost to demolish and build anew (and in accordance with current building codes) those portions of Plaintiff's pre-existing building that did not sustain any fire damage. Therefore, judgment should be entered in favor of Defendant on the allegations of the Complaint For Declaratory Relief, finding that the policy provision referenced in the Complaint do not provide the coverage requested by Plaintiff.

WHEREFORE, Defendant respectfully requests that this Court enter an order reflecting that the coverage outlined in the provision titled, "Law or Ordinance – Direct Damage" is not applicable to an insured's existing structures and that Plaintiff is not entitled to such coverage in the present case as a matter of law, and dismissing this action against Defendant with prejudice.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail Delivery to **DOUGLAS L. GROSE, ESQUIRE**, 601 S. Fremont Avenue, Tampa, Florida 33606, this 20th day of February, 2004.

JANET L. BROWN
Attorney at Law
Florida Bar No. : 226629
BOEHM, BROWN, FISCHER,
 HARWOOD, KELLY & SCHEIHING, P.A.
P.O. Box 2593
Orlando, Florida 32802
101 Southhall Lane, Suite 375
Maitland, FL  32751
(407) 660-0990
(407) 660-5052 Facsimile
Attorneys for Defendant

/amp